## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | VIRGINIA M. KENDALL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3200 | **DATE** | June 5, 2008 |
| **CASE TITLE** | U.S. ex rel. James Worthem a/k/a David Scott (#B-12624) vs. Roger Walker, et al. | | |

**DOCKET ENTRY TEXT:**

The petitioner's motion to proceed *in forma pauperis* [#3] is granted. However, the petitioner is ordered to show good cause in writing why his petition should not be stayed or dismissed for failure to exhaust state court remedies prior to seeking federal habeas relief. Failure to show cause within twenty-one days of the date of this order will result in summary dismissal of the petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

■ [**For further details see text below.**]      Docketing to mail notices.

### STATEMENT

     James Worthem, a state prisoner, brings this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenges his conviction for robbery on the grounds that: (1) the police illegally searched the petitioner's home; (2) police arrested the petitioner without probable cause or a warrant; (3) petitioner's defense counsel was ineffective; and (4) the trial judge was biased against the petitioner, who had pressed charges against a courtroom bailiff who allegedly assaulted the petitioner.

     The petitioner having shown that he is indigent, his motion for leave to proceed *in forma pauperis* is granted. However, the petitioner is ordered to show good cause in writing why the petition should not be stayed or summarily dismissed for failure to exhaust state court remedies prior to filing suit.

     An inmate who seeks to challenge a state conviction under 28 U.S.C. § 2254 must first exhaust his state court remedies as to all his claims. *See Rose v. Lundy*, 455 U.S. 509 (1982). Here, the petitioner, who was convicted on February 4, 2008, admits that he has neither appealed his conviction (because it "takes so long") nor filed a post-conviction petition. If the petitioner has failed to exhaust available state court remedies, his federal habeas petition is not ripe for review. *See, e.g., United States ex rel. Bailey v. Riker*, No. 07 C 1759, 2007 WL 2410117, at *1-2 (N.D. Ill. Aug. 15, 2007) (Gottschall, J.); *United States ex rel. Rico v. Hinsley*, No. 04 C 5081, 2007 WL 2225903, at *4 (N.D. Ill. Aug. 1, 2007) (Pallmeyer, J.).

**(CONTINUED)**

     mjm

**STATEMENT (continued)**

    For the foregoing reasons, the petitioner is ordered to show good cause in writing why the petition should not be dismissed for failure to exhaust state court remedies prior to seeking federal habeas review.  A claim of innocence of the charges does not excuse the exhaustion requirement.  Failure to demonstrate exhaustion within twenty-one days of the date of this order will result in summary dismissal of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases.