Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | VIRGINIA M. KENDALL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3200 | **DATE** | June 27, 2008 |
| **CASE TITLE** | U.S. ex rel. James Worthem a/k/a David Scott (#B-12624) vs. Roger Walker, et al. | | |

**DOCKET ENTRY TEXT:**

The petitioner has failed to exhaust state court remedies prior to seeking federal habeas corpus relief. Accordingly, the court summarily dismisses the petition for a writ of habeas corpus, without prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The case is terminated. The petitioner's motion for appointment of counsel [#4] is denied as moot. The petitioner is reminded, for future reference, that he is required to provide the court with the original plus a judge's copy of every document filed.

■ [**For further details see text below.**]                                                                 Docketing to mail notices.

## STATEMENT

    James Worthem, a state prisoner, brings this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenges his February 2008 conviction for robbery on the grounds that: (1) the police illegally searched the petitioner's home; (2) police arrested the petitioner without probable cause or a warrant; (3) petitioner's defense counsel was ineffective; and (4) the trial judge was biased against the petitioner for pressing charges against a courtroom bailiff who had allegedly assaulted the petitioner.

    By Minute Order of June 5, 2008, the court granted the petitioner's motion for leave to proceed *in forma pauperis* but ordered him to show good cause in writing why the petition should not be stayed or summarily dismissed for failure to exhaust state court remedies prior to filing suit.

    As discussed in the court's prior order, an inmate who seeks to challenge a state conviction under 28 U.S.C. § 2254 must first exhaust his state court remedies as to all his claims. *See Rose v. Lundy*, 455 U.S. 509 (1982). Here, the petitioner's rambling response discusses various alleged deficiencies relating to his arrest and criminal prosecution; however, he does not address the exhaustion issue. Because the petitioner has failed to demonstrate that he has exhausted state court remedies either through direct appeal or by way of a post-conviction petition, his federal habeas petition is not ripe for review.

    For the foregoing reasons, after preliminary review, the court summarily dismisses the petition for a writ of habeas corpus, without prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The case is terminated.

mjm